RYDER, Acting Chief Judge.
Elizabeth Paske, the former wife, petitioned the trial court to allow her to relocate to California with the parties’ minor child. In its order permitting the move, the court stated that because it had granted the wife sole parental responsibility, Mize v. Mize, 621 So.2d 417 (Fla.1993), was inapplicable. Mize sets out six factors that “trial courts must consider and weigh” when deciding whether to allow a custodial parent to relocate with a minor child. 621 So.2d at 420 (emphasis supplied). The parties have stipulated that the sole issue before this court is whether the trial court committed legal error by failing to address the Mize requirements. We reverse.
Nothing in the Mize decision states or implies that it is not applicable where the *1036 parent who wishes to relocate has sole parental responsibility. We, therefore, hold the trial court erred in failing to address the factors listed in that case. The lower court had previously entered an order on visitation providing that one parent could not remove the child from Pinellas County without written permission of the other parent. Because the entry of this order reflects that the issue of relocation has been litigated, the wife must show a change in circumstances in order to justify the move. Card v. Card, 659 So.2d 1228, 1280 (Fla. 5th DCA 1995) (citing Mize, 621 So.2d at 420). Accordingly, we remand to the lower court for entry of an order addressing the Mize factors and whether Mrs. Paske has demonstrated the requisite change in circumstances. The order on appeal states that the lower court took evidence pertaining to the Mize factors, but found it unnecessary to discuss them. It may be that a new order can be entered without further proceedings. The minor child should be permitted to stay with his mother in California pending the lower court’s resolution of this matter. Cf. Potter v. Haffner, 561 So.2d 1, 2 (Fla. 2d DCA 1990) (an additional transfer of the child before matter is resolved would not be in the child’s best interest).
Reversed and remanded.
LAZZARA and WHATLEY, JJ., concur.